Handley v. Ward.

---

ALEXANDER M. I. HANDLEY, Respondent, v. W. C. WARD *et al.*, Appellants.

Kansas City Court of Appeals, April 5, 1897.

Mechanics' Liens: INDEMNITY: BONDSMEN: ESTOPPEL. H signed an indemnity bond for C, the contractor, to J, the landowner, to indemnify the latter against mechanics' liens and for the proper furnishing of material and the building of a certain house. J subsequently sold C lumber which went into the building. *Held*, he could not on C's failure to pay for lumber enforce the same as a lien upon J's building and lot.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED.

*A. D. Burnes* and *J. W. Coburn* for appellants.

The respondent was one of the sureties on the bond of the contractor. And respondent being the surety for Ward, the contractor, his own claim for material that went into the building over and above the contract price could itself be set up as a set-off and counterclaim. *Deitz v. Leete*, 28 Mo. App. 540.

*Wilson & Wilson* for respondent.

The appellate court can not revise the verdict of a jury on conflicting evidence. *Donovan v. Ryan*, 35 Mo. App. 160; *Malting Co. v. Miller*, 38 Mo. App. 251; *Eswin v. R. R.*, 96 Mo. 290, and cases cited; *O'Connell v. R. R.*, 106 Mo. 482; *Anderson v. Griffith*, 86 Mo. 549; *Brown v. Borck*, 44 Mo. App. 19, and cases therein cited; *Reynolds v. Rogers*, 63 Mo. 17; *Tuggle v. R. R.*, 62 Mo. 425, and cases cited.

GILL, J.—This is a suit to enforce a mechanics' lien brought by plaintiff Handley on account of lumber and materials furnished to defendant Ward to be used

STATEMENT.

in the construction of a dwelling house for defendant Williams. Ward entered into a contract with Williams to furnish all the materials and build the house for the agreed price of $1,475, and plaintiff Handley joined Ward, the contractor, in executing a bond for the protection of Williams, the condition of which bond was, in effect, that Ward would comply with his contract entered into with Williams.

The defense was, that the contractor Ward failed to construct the building of the materials and in the manner he agreed to, or "according to the plans and specifications," but that notwithstanding this the defendant Williams had paid the full contract price and also for all extras, and had also been compelled to and had paid off several mechanics' liens, and that because of the bond made by Ward and the plaintiff to indemnify the defendant Williams, he, the plaintiff, ought not to be allowed to recover.

The court (jury being waived) made a finding of facts to the effect that Ward, the contractor, owed plaintiff $207.21 for lumber and material purchased for and which went into the construction of defendant

Williams' house; that Williams had paid Ward in full for the contract price of the building, and also for all extra work, and that Williams was entitled to a credit of $47 because of imperfect work, and then rendered judgment for said $207.21 against Ward and that a mechanics' lien be enforced against Williams' house for said sum less the $47, that is, $160.21. Defendant Williams appealed.

In our opinion, there is no rule of law that will sustain this judgment in so far as it declares a lien against defendant Williams' property. It is certainly not *just* in that particular. Ward agreed to furnish all materials and build a certain house for Williams for a stipulated price, and plaintiff Handley, by his bond, guaranteed faithful performance on the part of Ward. The house was constructed and Williams paid the entire contract price and more, and now comes this plaintiff and, in face of the stipulations of his undertaking to save Williams from Ward's default, asks the court to saddle a lien on Williams' property for lumber he sold to Ward and which the latter did not pay for, although he, the plaintiff, bound himself in a penal sum that Ward would furnish, that is, secure and pay for, all the materials that should go into the building. It seems clear that if plaintiff was allowed to enforce his lien against defendant Williams' property, then the latter might resort to the bond which plaintiff executed for Williams' indemnity and recover back the amount. And it may be repeated here, as was said by this court in a similar case, "that it would be a most useless and meaningless formula to permit this plaintiff to enforce his lien against the defendant's property, collect his money to-day, and then to-morrow allow the defendant to turn around and sue the plaintiff to recover back the very money paid over to him the day before * * *.

MECHANICS' liens: indemnity: bondsmen: estoppel.

The very claim which the plaintiff is seeking to assert against the defendant's property grows out of the breach of the contract which the bond undertook to protect the defendant against. His recovery, therefore, would be in the face of his indemnity, on the faith of which the defendant had paid over to the contractor, and other material-men, the whole contract price." *Deitz v. Leete*, 28 Mo. App. 540.

On the facts as found by the court the judgment is for the wrong party, and will be reversed. All concur.