BADGER LUMBER COMPANY, Respondent, v. JOHN G. MUEHLEBACH, Appellant.

**Kansas City Court of Appeals, November 28, 1904.**

1. **MECHANICS' LIENS: Pleading: Ownership: Contract.** A petition is held to sufficiently aver that the defendant at the time of making the contract with the contractor was the owner of the land on which the contractor constructed the improvement into which plaintiff's material went.

2. ———: ———: ———: ———: **Evidence.** And such allegations are sufficiently supported by the evidence to send the question to the jury.

3. ———: **Evidence: Ownership: Contract.** The deed offered in evidence together with the contract are held sufficient evidence of defendant's ownership, and that the evidence further sufficiently showed a contract between the defendant and the contractor.

4. ———: ———: **Peremptory Instruction:** Where there are controverted facts peremptory instruction is improper, but where the evidence is undisputed a peremptory direction to the jury may with propriety be given.

5. ———: **Pleading: Answer: Indemnity Bond: Estoppel: Instruction.** Where the answer undertakes to plead an estoppel by reason of the fact that the plaintiff or its agent was surety on the contractor's bond to indemnify the land owner against mechanics' liens, it should set forth the fact that the defendant is injured by the enforcement of the lien on his property; otherwise the lien should be enforced, and an answer set out in the opinion and an instruction thereon are held improper and insufficient.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans,* Judge.

AFFIRMED.

*C. M. Ingraham* and *R. B. Middlebrook* for appellant.

(1) Appellant's objection to the introduction of any evidence should have been sustained. Peck v.

Bridwell, 6 Mo. App. 451; Langford v. Sanger, 40 Mo. 164; Shaw v. Allen, 20 Wis. 563; Black v. Rogers, 30 Ind. 420; Wilcox v. Keith, 3 Ore. 372. (2) The foundation of the mechanic's right to a lien is the existence of a contract for the work or material, which contract must be made with the owner or his agent, contractor or subcontractor. R. S. 1899, sec. 4203; House v. Thompson, 36 Mo. 450; House v. Carroll, 37 Mo. 578; Barker v. Berry, 8 Mo. App. 440; Plaining Mill Co. v. Brundage, 25 Mo. App. 268; Kick v. Doerste, 45 Mo. App. 140. (3) The court should have sustained appellant's demurrer to the respondent's evidence. (4) The court committed error in instructing the jury as requested by plaintiff. Paxson v. Pierce, 25 Mo. App. 62; Glasgow v. Heirs, 50 Mo. 81; Delevan v. Prior, 53 Mo. 314; Holliday v. Jones, 59 Mo. 482; Brown v. Kimmel, 67 Mo. 433; Kelly v. Railroad, 70 Mo. 609; Kick v. Doerste, 45 Mo. App. 140; Shermit v. Brueggestradt, 8 Mo. App. 47; Matney v. Gregg, 19 Mo. App. 107; Morrison v. Yancy, 23 Mo. App. 670; Williams v. Iron Co., 30 Mo. App. 662; Flynt v. Railroad, 38 Mo. App. 94; Wilburn v. Railroad, 36 Mo. App. 203. (5) The court committed error in refusing appellant's instruction numbered 1. (6) The court committed error in refusing to admit any evidence in support of appellant's separate affirmative defense as set forth in his separate amended answer, and in refusing appellant's instruction numbered 11. Hartman v. Berry, 56 Mo. 487; Deitz v. Leete, 28 Mo. App. 541; Handley v. Ward, 70 Mo. App. 146; Lumber Co. v. Gates, 89 Mo. App. 205; Phillips on Mech. Liens (2 Ed.), sec. 427; Winder v. Caldwell, 14 How. (U. S.) 434; Withers v. Green, 9 How. (U. S.) 213; VanBuren v. Digges, 11 How. (U. S.) 461; Trustees v. Heise, 44 Md. 455.

*Botsford, Deatherage & Young* for respondent.

(1) The averment in plaintiff's petition is that appellant "is now and was at all times hereinafter men-

tioned the owner of the following described real estate.'' (2) Of course, where a price is agreed upon between the contractor and materialman that price is the presumptive market value or reasonable price of the goods where no contrary evidence is shown. These principles are well illustrated by the following cases: McMahon v. Bridwell, 3 Mo. App. 572; Bruce v. Berg, 8 Mo. App. 204; Miller v. Whitelaw, 28 Mo. App. 639; Hilliker v. Francisco Co., 65 Mo. 598; Deardorff v. Everhartt, 74 Mo. 37. (3) A. O. Thompson, who was the representative of plaintiff in this transaction, testified that the material sued for in this case was furnished for the buildings in question under a contract for the Madories. (4) At pages 57 to 59 of the abstract will appear a warranty deed to appellant by which the property in question in this case was conveyed to appellant. That warranty deed was dated January 21, 1901. As that deed shows title in appellant on the date of its execution, and as there is nothing in the record to show that appellant has since the making of that deed conveyed away his title, the presumption would be, in the absence of any other testimony, that he has ever since the making of that deed continued to be and still is the owner of the property. (5) The testimony of Thompson shows that Madorie & Son furnished the plaintiff with a list of the articles which it was desired the plaintiff should furnish and which was afterwards furnished and went into appellant's buildings. (6) There was no controversy about the evidence in this case. (7) There was no pretense by appellant that plaintiff signed any bond, but appellant's contention is that because Alfred Toll, one of the sureties, was president of the plaintiff corporation, therefore, appellants had a good defense to this action. The cases cited by appellant are against and do not support appellant's contention.

SMITH, P. J.—This is an action by the plaintiff—a corporation—to enforce a mechanic's lien for materials furnished for the construction of certain buildings, etc. At the inception of the trial the defendant objected to the introduction of any evidence by plaintiff on the ground that the petition did not state facts sufficient to constitute a cause of action in that it—the petition—did not allege that the defendant at the time of the execution of the contract for the erection of the buildings was the owner of the land upon which the erection was to be made. By referring to the petition it is seen that the third paragraph thereof alleges that "the defendant is now and was at all times hereinafter mentioned the owner of the following described real estate" —describing it. The fourth alleges that "heretofore, to-wit, on the — day of ——, 1901, and prior to the furnishing of any of the materials hereinafter mentioned, the defendant as owner of said premises entered into one general contract with said Madorie & Son whereby for a valuable consideration to be paid by defendant they agreed to erect three separate three-story brick flats on the above-described premises."

Now, if we construe the foregoing allegations of the petition, as we must, most strongly against the pleading plaintiff, we must still conclude that the defendant's objection was not well taken and that it was, therefore, properly overruled. These allegations in substance and effect are that, in the year 1901 the land therein described belonged to the defendant as owner thereof, and that he, defendant, in that year, as owner entered into the contract with Madorie & Son, etc. The language of the third and fourth paragraphs already alluded to when taken in its entirety, it seems to us, must be held to allege that at the time the defendant and Madorie & Son entered into the contract for the erection of the buildings the defendant was the owner of the land on which such erection was to be made.

There is no parallelism in fact or in law between this case and any of those cited and relied on·by the defendant.

The defendant's second contention is that the evidence did not tend to prove that the materials alleged to have been furnished by plaintiff under said contract were used and actually went into the land, and, therefore, his demurrer to it should for that reason have been sustained. The testimony. given by witnesses Thompson and Madorie was quite ample to warrant the submission of the case to the jury on this issue.

The defendant's third contention is that the evidence adduced by plaintiff to prove the ownership of the land at the time of the making of the contract between him and Madorie & Son was inadmissible because secondary and not the best—no foundation having been laid for its introduction. To this contention we are unable to yield our assent because the record discloses that the plaintiff introduced in evidence a deed from the Holmeses to defendant by which the title to the land was vested in the latter on January 21, 1901. Nothing appearing to the contrary, the presumption would be that the defendant was still the owner of the land when he made the contract a month later. Besides, the contract itself recites the fact of the defendant's ownership of the land. More could not have been reasonably required.

The defendant's fourth contention is that the evidence adduced by plaintiff to establish the contract between defendant and Madorie & Son was incompetent. To this we can not agree for the reason that we think that the testimony of the witnesses Thompson and E. P. Madorie very clearly negate it.

At the conclusion of the evidence the court at the request of the plaintiff directed the jury to "give a verdict for plaintiff, finding the issues in its favor, and that the plaintiff was entitled to a lien on the property in question for the amount which it believed from the

evidence was due to plaintiff on the cause of action stated in its petition,'' etc. In cases where it is disclosed by the record that there are controverted facts, such, for example, as that in Kick v. Doerste, 45 Mo. App. 140, such a peremptory direction as that contained in the first part of said instruction would be improper because an invasion by the court of the province of the jury. But in a case like that here, where the evidence tending to establish the constitutive facts thereof is undisputed and ample, no reason is seen why such peremptory direction may not with propriety be given to the jury. There was no dispute as to what the materials furnished were worth or as to the balance due. There was no question touching the amount of the contract or the reasonable value. There was nothing left for the jury to do beyond computing the interest in the balance shown by the undisputed testimony of Thompson and Madorie to be due plaintiff.

The defendant's last insistence is that the court erred in its action in refusing to admit any evidence in support of his separate affirmative defense, and in refusing his second instruction, which latter was to the effect that, ''if you believe and find from the evidence that the said H. Madorie & Son executed and delivered to the said defendant a bond with themselves as principals and Alfred Toll as surety therein, and that the said bond provided amongst other things that it was to be attached to the said contract and made a part thereof, and that the said defendant should be saved harmless from any mechanic's liens upon said buildings and real estate, and if you further believe that the plaintiff is a corporation organized and existing under the laws of the State of Missouri, and that the said Toll was at the time of the execution of said bond the president of the plaintiff and that the said Toll became surety upon said bond (if you find that he did so) at the instance and request of the plaintiff, and in con-

sideration of the said H. Madorie & Son purchasing of the said plaintiff company certain of the materials to be used in the construction of the said buildings, and that in becoming surety upon said bond (if you find that he did so) the said Toll was acting in behalf of and for the use and benefit of the said plaintiff company, and if you believe and find from the evidence that the said defendants, H. Madorie & Son, purchased of the plaintiff the lumber and materials in question herein and used the same in the construction of said buildings in consideration of the plaintiff's furnishing the said Alfred Toll as one of the sureties upon said bond (if you find that he is one of the sureties upon the same); then, and in that event the court instructs you that the said Alfred Toll, in becoming surety upon said bond (if you find that he did so), was acting as the agent and representative of said plaintiff company, and the said company is now estopped from maintaining the action herein against the defendant for the enforcement of the mechanic's lien against the property of the said defendant in question herein and your verdict will be for the said defendant, and against the mechanic's lien.''

It is not contended that the plaintiff signed the indemnity bond, but that Toll, who was its president, signed it. There is no evidence that he signed it at the request of the plaintiff beyond the bare circumstance that he was its president. If from this circumstance any such inference was to be deduced it was rebutted by the testimony of Toll himself, to the effect that he became surety on said bond on his own account and not on account of any transaction of the plaintiff with Madorie & Son. Turning to the answer, it will there be seen that it alleges that one of the conditions of said bond was that defendant should be saved harmless from all mechanics' liens in the construction of said buildings and that said Toll having signed said bond as surety as the agent of and in the place of the plaintiff

was estopped to maintain this action to enforce a mechanic's lien against defendant's said property. Manifestly, these allegations of the answer in effect admitted the existence and validity of the lien. But assuming that the bond was signed by Toll for the plaintiff and that in this action the measure of its obligation is not different than if signed by it, still is it thereby estopped to prosecute its lien? The answer nowhere alleges that the defendant was hurt by the enforcement of the lien, and until that happened he could have no recourse on the indemnity provided in the bond.

If at the time the defendant was notified by plaintiff of its lien account he was indebted to the contractor in an amount equal to that of the lien account then he could, with the amount so in his hands, pay off the lien account and thus protect his property. If, on the other hand, he had paid the contractor the full contract price and owed him nothing, he would then, in a suit on the lien, have the right to resort to the indemnity. He could plead the provisions of the bond and set up as a counterclaim the amount of the lien which the plaintiff, the lienor and surety was seeking to enforce against his property. The exercise by plaintiff of the statutory right to file a mechanic's lien for the contract or reasonable value of the materials furnished the contractor and used in the erection could not hurt a landowner where he is indebted to the contractor on the contract price in an amount equal to or greater than that of the lien, for he then has it in his power to protect himself. These statements of the law find support in the rulings made in the following reported cases. [Hartman v. Berry, 56 Mo. 487; Deitz v. Leete, 28 Mo. App. 541; Handley v. Ward, 70 Mo. App. 146; Fullerton Lumber Co. v. Gates, 89 Mo. App. 205.]

It is thus made to appear that the law does not presume from the mere fact of the filing of the lien that the landowner is hurt and thereby authorizes a resort to the indemnity. Something more is required. He

must allege and show that he has been hurt—that is to say, that he does not owe the contractor on the contract price an amount equal to that of the lien and so can not protect himself except by resorting to the indemnity. There is nothing in such case which would render the doctrine of estoppel applicable. The answer here discloses no injury. It shows no ground entitling the defendant to any kind of relief. It does not show that the defendant will be hurt by the enforcement of the lien. It follows that the instruction embracing within its hypothesis the facts pleaded by the answer was accordingly properly refused.

The judgment must therefore be affirmed. All concur.