RIVERSIDE LUMBER COMPANY, Appellant v. EVERETT OXFORD, Respondent.

St. Louis Court of Appeals. Argued and Submitted February 4, 1919. Opinion Filed March 4, 1919.

MECHANIC'S LIENS: Liability of Minors: Statute: Land of Minor Son: Contract of Father: Ratification. Under the provisions of section 8234, Revised Statutes 1909, relating to mechanics' liens, where the defendant was over the age of eighteen years at the time the articles involved were purchased and used in the construction of the house on his lot, and he either authorized his father, as his agent, to make the purchase for use in constructing the house, or ratified the act of his father, then his interest in the property (the lot) would be subject to the lien, notwithstanding his minority.

Appeal from Cape Girardeau Court of Common Pleas. —*Hon. John A. Snider,* Judge.

REVERSED AND REMANDED.

*Benson C. Hardesty* for appellant.

(1.) Defendant's age, when the materials were ordered, being over eighteen years, rendered him *sui juris* so far as the Mechanics' Lien Act is concerned. De Witt v. Smith, 63 Mo. 263; Dugan, etc., Co. v. Gray, 114 Mo. 497; Sec. 402, R. S. of Mo. for 1909; Sec. 8234, R. S. of Mo. for 1909. (2) Plaintiff's evidence was in every respect sufficient to require a submission to the jury, and the learned trial court erred in giving the peremptory instruction for defendant. (1). Every intendment and presumption arising in plaintiff's favor from the evidence should be indulged when testing the sufficiency of the evidence. Knapp v. Hanley, 108 Mo. App. 353; Holden v. R. R. Co., 108 Mo. App. 645; McManus v. Oregon S. L. Co., 118 Mo. App. 152; Chilton v. Halstead, 149 Mo. App. 144. (2) Plaintiff not only had some evidence, but a preponderance thereof on every issue under the pleadings, and was entitled to a liberal, rather than a strict test. Carthage, etc., Co. v. Bauman, 44 Mo. App. 391. Kline v. Perry, 51 Mo. App. 425. (a) The theory under which the learned court tried this case and ruled that mere silence can constitute no admission was erroneous. 16 Cyc., pp. 952-957. (b) Defendant's signature on two of the receipt tickets substantiated the theory of an express contract as to them, and accentuated the theory of implied contract as to the rest. On both theories plaintiff was entitled to go to the jury. Stobie v. Earp, 110 Mo. App. 73; Carthage, etc., Co., v. Bauman, 44 Mo. App. 391; 13 C. J., p. 276, N. 79; 13 C. J., p. 242.

*C. N. Mozley* and *J. H. Dorris,* for respondent.

REYNOLDS, P. J.—This is an action to obtain judgment against Everett Oxford and to establish a mechanics' lien against his interest in the lot on which the building is situated, a lot in the city of Cape Girardeau. At the trial of the cause it appeared that the material for the furnishings of which a lien was claimed,

was bought by John Oxford, father of Everett, and that he was to use it in the erection of a house on a lot belonging to his two sons, Everett and Delvia, the house when finished to be occupied by the father, mother and the family, including Everett. At the time Everett was a minor but over eighteen years of age. It is not claimed that he actually purchased the material, but the claim is that his father was acting in the matter as his agent and that Everett had such knowledge of the fact, both of the contract of purchase and of the delivery of the material, which was all billed in his name, and the dray tickets made out in his name, two out of thirteen of which he signed, amounted to a ratification by him of the acts of his father. There was some testimony tending to show this. Not very much, it is true, but sufficient, we think, to make those questions matter for the determination of the jury.

It has been held that authorization or ratification of a contract made by the husband to build a house on the land of the wife, will not be presumed from the mere fact that the house is to be a residence for the husband, wife and children. [See Ward v. Nolde, 259 Mo. 285, 168 S. W. 596; Garnett v. Berry, 3 Mo. App. 197; Carthage Marble & White Lime Co. v. Bauman, 44 Mo. App. 386; Farley v. Stroeh, 68 Mo. App. 85; Boeckeler Lumber Co. v. Wahlbrink, 191 Mo. App. 334, 177 S. W. 741, this latter case approved by the Supreme Court in December, 1918, but not yet officially reported.] We cite these cases in order to caution counsel as to the acts necessary to show ratification or authority, all being cases in which the property upon which the construction was placed was that of the wife, the husband assuming to act for her, and that on a retrial of this case, if one is had, the law as announced in these decisions is to be followed.

The learned trial judge, however, instructed the jury to find a verdict for defendant, on the ground, apparently, that he was a minor under twenty-one years of age at the time of the transaction, that is at the time of the making of the purchase and of the

erection of the building. The disability of minority generally prevails and, while a rule of the common law, is a creature of statute.

Section 402 of our statutes provides that males of the age of twenty-one years and females of the age of eighteen years "shall be considered of full age for all purposes, except as otherwise provided by law, and until those ages are attained• they shall be considered minors."

Section 8234, Revised Statutes 1909, however, in the Mechanics' Lien Law is "another provision by law," as to minors as well as married women. By that section it is enacted: "Every person . . . shall be included by the words 'owner or proprietor' thereof under this article, not excepting such as may be minors over the age of eighteen years, or married women."

It is rather curious to note that while this has been a part of our law ever since the revision of 1855, where it first appeared as section 21, chapter 107, page 1070, not a single decision of our court has been called to our attention, nor have we found one, in which the application of this statute to minors over eighteen years of age has been construed. There have been many decisions, commencing with Garnett v. Berry, supra, in which it has been construed with reference to married women and in which it has always been held that the disabilities of the statute relating to married women have been removed by this statute, but none of them pass on the question where the issue was as to the minority of the owner. By parity of reasoning, however, following the cases in which married women were concerned, and taking the statute literally, which seems to us needs no construction, if the defendant here was over the age of eighteen years at the time the articles here involved were purchased and used in the construction of the house on his lot, and he either 'authorized his father, as his agent, to make the purchase for use in constructing the house, or ratified the act of his father in such manner as pointed out in the decisions which we have above referred to, then his interest in

201 M. A.—13

the property (the lot) would be subject to the lien, notwithstanding his minority.

It follows that the judgment of the circuit court must be and it is reversed and the cause remanded for further proceedings in line with what we have here indicated.

*Allen* and *Becker, J. J.*, concur.