ELLEN CONNOR, Appellant, *v.* SAMUEL L. RAD-
DON et al., Respondents.

1. *Pleading—Amendment—Election.*

In ejectment the defendant denied the plaintiff's right, and in a counterclaim alleged ownership and right of possession in himself, and afterwards amended by alleging the fee in a third party, but still relied on possession and ownership in himself. *Held,* that the court did not err in overruling plaintiff's motion to require defendant to elect on which right he would rely, as there was, in effect, but one cause of action relied upon.

2. *Evidence—Rebuttal.*

A witness for defendant testified that plaintiff had made material admissions in a conversation with him. The plaintiff, in rebuttal, was asked as to those statements, and an objection by the defendant was sustained. The plaintiff having denied the conversation in her examination in chief, the ruling was not reversible error, though it would not have been error to overrule the objection.

3. *Appeal—Law Cases—Conflicting Testimony.*

Where there is evidence in law cases to support the findings, the supreme court will not weigh the evidence, and determine on which side it preponderates.

4. *Findings must be Essential to the Issues.*

Where a finding of a trial court is not essential to the issues, they may be set aside, and the judgment allowed to stand without them.

(No. 881.   Decided April 1, 1898.)

Appeal from the Third district court, Summit county. A. G. Norrell, *Judge.*

Ejectment by Ellen Connor against Sampel L. Raddon and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Powers, Straup & Lippman*, for appellant.

*Brown & Henderson*, for respondents.

Zane, C. J.:

This action was brought to recover the north 4 feet and 7½ inches of lot 5, in Park City, Summit county. The case was tried by the court, who made findings of fact, stated its conclusions of law, and entered judgment against the plaintiff, from which judgment this appeal is taken.

The defendants, having filed an answer on September 23, 1896, denying all the material allegations of plaintiff's complaint, and alleging ownership and right of possession in themselves, on the 26th day of the following February, before the trial commenced, asked leave to amend their answer by the further allegation that the fee of the land was in David C. McLaughlin, and that they held under him. They still claimed the legal right to the property, but gave a more particular description of it, by mentioning a fact which the record shows, that the fee was in McLaughlin. We find no error in the order of the court granting leave to file the amendment. Nor do we think the court erred in overruling plaintiff's motion to require the defendants to elect upon which defense they would rely. There was substantially but one defense presented by the answer.

The witness McLaughlin testified that he had a conversation with plaintiff in his office in 1892, in which he stated, among other things, that he made a proposition to sell plaintiff the ground in dispute, with other land, for $2,000, and that she accepted it. The plaintiff was asked by her counsel as to the same conversation, in rebuttal, and she stated that she heard him testify, and she denied the conversation. She was again asked substan-

tially the same question, and counsel for the defendants objected on the ground it was not rebutting testimony, and the court sustained the objection. This ruling was excepted to, and is assigned as error. The plaintiff had testified on her examination in chief that there never was any talk between them about buying the property. In view of this, it was not reversible error to sustain the objection, though we are of the opinion it would not have been error to overrule it. The exception was not well taken.

The plaintiff was also asked by her counsel: "Did you hear McLaughlin testify that you said, 'Did not I tell you that I wanted to buy this ground?' and she answered, 'Yes, sir'? Was that true or false?" Defendants' counsel objected because it was not rebutting testimony. The court sustained the objection, and plaintiff's counsel objected, and assigns the ruling as error. The plaintiff had narrated in her testimony in chief the conversation of which this statement was a part, and she said she did not make the statement; "that she did not say to him that he knew that I did want to buy the ground." We find no error in the ruling of the court sustaining the objection to this question.

Plaintiff's counsel rely upon numerous exceptions to the findings of the court on the ground, as alleged, that they were not supported by the evidence. But, upon an examination and consideration of the evidence, we find that it was conflicting as to all the essential findings. In law cases like this, the appeal is from questions of law alone. Where there is any evidence to support the findings, though there may be a conflict, we will not weigh it and determine on which side it preponderates. Where there is no evidence to support a finding, we can say, as a matter of law, the court erred in basing a finding on it.

The ninth finding is not confined to the issues, so far as it finds that the occupancy and possession of that part of lot 5 occupied by Mrs. Sullivan's house was never held or claimed by her adversely to the legal title of McLaughlin, but was held by her under his title and in subordination thereto; nor do we think that part was supported by the evidence, and we set that part aside and modify it to that extent. For the same reasons we set aside the following portion of the eleventh finding: "But that whatever possession [the plaintiff] had of any part or parts of said lot 5 was in subordination to and in the acknowledgment of the said David C. McLaughlin, and his predecessors in interest, and only by permission of the said owner of the legal title;" and we modify the finding to that extent. So much of the above findings as we have set aside were not essential to the issues, and the judgment appealed from may stand without them. Other exceptions are relied upon, but we find no reversible error in the record. The judgment is affirmed with costs.

BARTCH and MINER, JJ., concur.