(No. 5179.    September 30, 1929.)

In the Matter of the Estate of JAMES H. MUDD, Deceased. OTTO P. HOEBEL, Appellant, v. W. E. MUDD, Respondent.

[281 Pac. 5.]

Solon B. Clark, for Appellant.

WM. E. LEE, J.—James H. Mudd died, leaving real and personal property in Butte county. None of the heirs residing in this state, one Hoebel was appointed administrator. To his final account exceptions were filed by the brother and heir of deceased, and the probate court disallowed credit for a number of items in the account, and refused to make any allowance for extraordinary services. The district court, while it modified the probate court's order in some respects, denied the administrator compensation for extraordinary services, and made and entered judgment against the administrator for moneys retained by him. It is from such judgment that this appeal is prosecuted.

██ The only question presented for our consideration is whether the administrator was entitled to compensation on account of extraordinary services. Executors and administrators are allowed commissions on the amount of the estate accounted for by them. In addition, the statute provides that "in all cases such further allowance may be made as the probate judge may deem just and reasonable for any extraordinary service." (C. S., sec. 7690.) This statute vests the probate court with discretion to make an administrator a further allowance of compensation for any extraordinary service. However, additional compensation cannot be allowed for the performance of the usual and ordinary duties of administering an estate. The regular statutory commission is intended to fully compensate for such services. It is only where the administrator performs some necessary extraordinary service for the benefit of the estate that the probate court may allow further compensation. And the burden is on an administrator, claiming such additional compensation to show that he performed some extraordinary service in the interest of the estate, and that payment should be made therefor. (24 C. J. 987, sec. 2423; 3 Woerner, American Law of Administration, 1818, sec. 529; *In re Moore's Estate,* 96 Cal. 522, 31 Pac. 584; *In re Broome's Estate,* 162 Cal. 258, 122 Pac. 470; *In re Mower's Appeal,* 48 Mich. 441, 12 N. W. 646; *In re Wilson's Estate,* 83 Neb. 252, 119 N. W. 522; *In re McCullough's Estate,* 31 Or. 86, 49 Pac. 886.)

The probate court twice denied the administrator's claim for a further allowance. The same may be said of the district court, whose finding was that " . . . . under the circumstances of the case no allowance should be made to the administrator for his claimed extraordinary services." One of the "circumstances of the case" that appealed to the district court doubtless was that the administrator had been allowed $2,135.04, as his regular statutory commission, evidently considered sufficient to fully compensate him for all his services to the estate.

██ Judged by the court's findings, the administrator was most certainly not entitled to further compensation.

A careful reading of the record fails to disclose that the administrator did anything out of the ordinary in the interest of the estate. It is true that he allowed and paid claims against the estate but what administrator does not? The action against a surety company, "which netted" the estate $15,000, was commenced in the lifetime of the deceased, and there is nothing to indicate that the administrator, who was not a lawyer, rendered any service in connection with the matter that would entitle him to extra compensation. "Mortgages and liens were renewed," but there was nothing unusual in that. It is said that "the business of the estate was carried on by the administrator in an efficient and businesslike manner." The district and probate courts did not seem, as indicated by their findings, overly impressed with this contention. The real and personal property was leased to others and the evidence is rather convincing that the administrator did not spend much time looking after it. At least his services in this respect cannot be classed as extraordinary.

It is our conclusion that the administrator performed no extraordinary service for the estate; that he was liberally compensated for everything he did, and that the court did not abuse its discretion in refusing to make a "further allowance" for "any extraordinary service."

The judgment is affirmed. Respondent will recover his costs from appellant Hoebel.

Budge, C. J., and Givens, T. Bailey Lee, and Varian, JJ., concur.