THE STATE EX REL. EDMUND C. HARRINGTON and WILLIAM H. MAY v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—31 S. W. (2d) 783.

Division One, October 14, 1930.

*W. B. Kelley* for petitioners.

624

*E. C. Hamilton* for respondents.

ATWOOD, J.—Petitioners, who were defendant landowners in the case of Martin-Welch Hardware & Plumbing Company, a corporation, against O. E. Moor, Edmund C. Harrington and William H. May, lately decided in the Kansas City Court of Appeals, seek to quash the opinion and record of said court therein by certiorari.

The appeal was by defendant landowners from a judgment establishing a mechanic's lien under Section 7220, Revised Statutes 1919, on a factory building and improvements. The opinion of respondent states the facts thus:

"Defendants owned the building and the ground on which it was located. For several years it had been used as an automobile-tire factory, but on September 1, 1926, it was leased to one O. E. Moor for a term of two years at a rental of $100 per month, with an option in the lessee to renew for three years longer at an increased rental. A supplementary contract under the same date gave lessee an option for a further renewal of five years, and an option to purchase within three years from date for $15,000 'upon reasonable terms.'

"The lessee purposed to equip and use the premises as a laundry. By the terms of the lease he was 'allowed to make such changes in the building as will be necessary to carry on his business and all

such changes, additions, etc., to be made at the expense of party of the second part' (lessee). It was further provided that lessee should not 'make any alterations, amendments or additions to any of the buildings on said premises, or fixtures therein, without the written consent of parties of the first part.' The lease then provided that upon default in rent or other performance the lease should be forfeited, and that lessors might at once cancel same without notice and reenter.

"The lessee, Moor, took possession of the premises and made the contracts for which the present lien was asked. That with plaintiff Martin-Welch Hardware & Plumbing Company was for material and labor expended between September 1, 1926, and January 11, 1927, in equipping the building for laundry purposes, and that with plaintiff Clements was for carpenter work on and within the building between September 6th and October 5, 1926. The evidence showed that defendants visited the premises from time to time during the progress of the work, but assumed no authority or direction over it.

"After operating the laundry about five months the lessee, Moor, abandoned the premises without having paid any rent, which then amounted to $500, and the lessors resumed possession (on a date not definitely shown in evidence). At that time the company which had sold lessee his laundry machinery had retaken their property, as had also the electric light company.

"Plaintiff Martin-Welch Hardware & Plumbing Company brought its action in equity for the establishment and enforcement of its lien; and plaintiff Clements filed his intervening petition in the same suit. The court rendered judgment against Moor in favor of the Martin-Welch Company for $606.94, and in favor of Clements for $380, and declared each claim a lien 'upon the factory building and improvements located on the above described property.'

"The evidence showed that the lessee, in fitting up the premises as a laundry, cemented the basement floor, which previously had been dirt, and had a new plumbing system installed, with pipes for water connections with his tubs, and drainage pipes from the tubs, partly in the new cement floor, and also a sufficient sewer connection to carry off the laundry water, the labor and material for all of which were the basis for the Martin-Welch claim. This sewer extended out from the building through defendants' land, and then across other property not owned by defendants, to the main sewer. The testimony showed that the total sewer cost, for material and labor, was $252.35, of which it was agreed one-half was for that part of the sewer laid outside defendant's land. The court's judgment for $606.94 included all of this sewer cost, it appearing that the part on the land on which the building was located was worthless without the extension to the main sewer. The court found that

all of plaintiff Clements' claim for $380 was lienable, as having been for labor on the building, and rendered judgment accordingly.''

The judgment was affirmed for the full amount as to Clements and for $480.76 as to Martin-Welch Hardware & Plumbing Company.

Petitioners assert that the opinion of respondents is in conflict with our decision in Ward v. Nolde, 259 Mo. 285, 168 S. W. 596. In that case we refused to impress a mechanic's lien upon buildings and land for an amount spent for extra work not required to be done under the terms of the lease and done solely at the request and expense of the tenant. However, the Nolde case arose under a different statute, to-wit, Section 8212, Revised Statutes 1919, which permitted such lien upon buildings, improvements and land only under or by virtue of a ''contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor.'' The instant case arose under Section 7220, Revised Statutes 1919, which was enacted in 1911 (Laws 1911, p. 312), in lieu of Section 8216, Revised Statutes 1909, at that time repealed. Section 7220, Revised Statutes 1919, applies only in cases of licensed or leased property and purports to authorize a mechanic's lien upon the license or lease and upon the buildings, improvements and specified personal property placed on the premises, under and by virtue of a ''contract or account with the owner or proprietor of the license or lease or with his or it· agent, trustee, contractor or sub-contractor.'' These statutes differ in other respects, but from the foregoing it is clear that in the Nolde case we construed a statute in terms entirely different from the statute upon which the present case rests. Petitioners cite no case in which this court has construed Section 7220, Revised Statutes 1919, and we find none. In a certiorari proceeding such as this it is not our province to interfere with respondents' construction of a statute unless the construction so given is contrary to a prior controlling construction announced by this court. [State ex rel. Tummons v. Cox et al., 313 Mo. 672, 677, 282 S. W. 694; State ex rel. Jones v. Robertson et al., 262 Mo. 535, 172 S. W. 21.] Not having construed the terms of Section 7220, Revised Statutes 1919, that underlie respondents' opinion, it is sufficient for this court to say that the construction so placed by respondents engenders no conflict with our own decisions. Petitioners cite no other grounds of conflict. It follows that our writ of certiorari should be and the same is hereby quashed. All concur.