Mundet Corporation was plaintiff in a suit against Three Flowers Ice Cream Company, a corporation, Paul Dessieux, Amie Maire and J. W. Vogel, defendants, *Page 679 
wherein plaintiff sought to establish a mechanic's lien against certain real estate owned by Dessieux, Maire and Vogel, and which real estate was leased to, and occupied by, Three Flowers Ice' Cream Company. Judgment was for defendants, and plaintiff appeals. We will refer to Mundet Corporation as plaintiff, Three Flowers Ice Cream Company as lessee, and Dessieux, Maire and Vogel as owners.
On August 31, 1938, owners entered into a written contract with lessee, the terms of which provided that owners agreed that they would, within ninety days from that date, acquire title to the property here under consideration, and improve it by excavating the basement under the building located thereon, constructing therein a concrete floor, and by painting the roof. The contract further provided that owners should lease the property to lessee for a term of five years at a monthly rental of $100. Lessee agreed to lease and occupy said property. It was also provided in said contract that a written lease should be executed between the parties "as soon as said first parties, (owners) acquire said premises and improves same as herein agreed."
Pursuant to said written contract owners acquired title to said property, excavated the basement, constructed the concrete floor, and painted the roof, all in accordance with the terms of the contract. Thereafter, lessee moved into and took possession of the property on March 13, 1939; but no written lease was ever made or entered into by or between the parties.
Lessee ordered material from plaintiff to be used in constructing a refrigerator compartment in the basement of the building. The first of this material was delivered March 24, 1939, and the last in June, 1939. There was no evidence tending to prove that owners participated in ordering the material, authorized or required lessee to do so, or that they knew said material had been ordered until they saw it after it was delivered. The president and manager of Three Flowers Ice Cream Company testified that said company, alone, ordered the materials, in good faith, and intended to pay for them. This testimony is uncontradicted.
The materials furnished by plaintiff, and which form the foundation of this lawsuit, were used in constructing a cork refrigerator room, or compartment, in one corner of the basement. It was built after the basement had been improved by the. owners in compliance with the above mentioned written contract. This cork refrigeration room was constructed wholly within the basement, and the ceiling, walls, and concrete floor of the basement itself were not changed in any manner.
Plaintiff, in its brief filed herein, presents the following questions for our determination:
"1. Was the plaintiff entitled to a mechanic's lien against the improvements as provided in Section 3160, R.S.Mo. 1929, Mo.St.Ann. § 3160, p. 4984?
"2. Was the plaintiff entitled to a mechanic's lien against the land and improvements as provided in Section 3156, R.S. Mo. 1929, Mo.St. § 3156, p. 4972?"
[1] Answering question No. 2, posed by plaintiff, Section 3156, R.S.Mo. 1929, supra, has no application here. The materials were not furnished upon the contract or order of owners nor of their agents. They were furnished upon the contract of lessee alone, and without the knowledge or assent of owners, There was no contract existing between the owners and lessee which required lessee to make said improvement. The act of the tenant in this case cannot be charged to the owners so as to give rise to a mechanic's lien under the provisions of Section 3156, supra. Ward v. Nolde, 259 Mo. 285, loc. cit. 299, 300, 301,168 S.W. 596; State ex rel. Harrington v. Trimble, 326 Mo. 623, 31 S.W.2d 783, loc. cit. 784; Powell v. Reidinger, Mo.App., 234 S.W. 850, loc. cit. 852; Masterson v. Roberts, 336 Mo. 158, 78 S.W.2d 856, loc. cit. 858, 97 A.L.R. 862.
Plaintiff contends that, if it was not entitled to a lien under Section 3156, supra, nevertheless it was so entitled under provisions of Section 3160, supra. The two sections are essentially different. State ex rel. Harrington v. Trimble, supra, 326 Mo. 623, 31 S.W.2d loc. Cit. 785. This latter contention of plaintiff might be summarily disposed of on the grounds that the petition herein states a cause of action under Section 3156, supra, and not under Section 3160, supra. In Powell v. Reidinger, supra, the Supreme Court refused to consider a constitutional question sought to be raised under Section 3160 because the cause of action pleaded was under Section 3156; and it transferred the case to the Court of Appeals. *Page 680 
[2] However, the question can be disposed of very briefly by stating that there is no law that authorizes a mechanic's lien on the property of the owners unless they have authorized improvements in fact or in law, or are estopped to deny said authorisation. Masterson v. Roberts,336 Mo. 158, 78 S.W.2D loc. cit. 859, 97 A.L.R. 862, supra. In this case no estoppel was pleaded.
[3, 4] If the effect of Section 3160, supra, is to burden the realty, or the preexisting building of an owner, with a mechanic's lien based on the unauthorized acts of the tenant in merely reconstructing, altering or repairing same, such provisions thereof are unconstitutional. Masterson v. Roberts,: supra, 336 Mo. 158, 78 S.W.2d loc. cit. 861, 862, 97 A.L.R. 862. All that was done here was done without authority of the owners, and affected a preexisting building by constructing therein a compartment which was merely attached to the original building. In the broadest sense the improvement herein was no more than a reconstruction, alteration or repair to a preexisting building. Masterson v. Roberts, supra. Plaintiff is entitled to no lien under provisions of Section 3160, supra.
[5] Plaintiff suggests that owners also were stockholders of lessee corporation. There is no evidence as to the extent of their holdings. The testimony would indicate that they were minor stockholders and certainly were not in control of the corporation when the materials were contracted and furnished.
The judgment is affirmed.
CAMPBELL, C., concurs.
PER CURIAM.
The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.
The judgment of the circuit court is affirmed.
All concur.
 *Page 349