[Civ. No. 12949. Second Dist., Div. Three. May 19, 1942.]

EDWARD MOSK, Appellant, v. NATHAN SCHEINBERG et al., Respondents.

Borah & Borah and Desser & Rau for Appellant.

Martin Gendel for Respondents.

SHINN, J.—Plaintiff appeals from a judgment of nonsuit in favor of defendant Sherman and the two corporate defendants, Nasmah, Inc., and Van Nuys Theatre Corporation,

and a judgment in favor of defendants Scheinberg and Horwitz on the merits in an action for the reasonable value of legal services alleged to have been performed for the several defendants by plaintiff's assignors, Messrs. Desser and Rau. The court found that the attorneys were not employed by the defendants or either of them and that they performed no services for the defendants of any value or at the latter's special instance and request.

Upon the appeal from the judgment of nonsuit the question is whether plaintiff's evidence would have supported a judgment against the defendants whose motions for nonsuit were granted. We are of the opinion that the evidence was such as to necessitate the decisions that were made, not only upon the motions for nonsuit but upon the merits as well.

Defendant Sherman, who is the son of defendant Scheinberg, was employed as a messenger and law clerk and later was associated as an attorney in the office of Desser and Rau. After he was admitted to practice he entered into an arrangement with Desser and Rau under which he was to receive a small weekly compensation, was to have the use of office space, telephone, secretarial and other services, and was to pay Desser and Rau 50 per cent of all legal fees he earned and collected. Certain fees were charged to his clients, including Scheinberg and Horwitz, on billheads of Desser and Rau; the fees were paid to Desser and Rau and were divided between the firm and Sherman. The billheads of Desser and Rau were used as a matter of convenience. Scheinberg and Horwitz were partners in the ownership of the stock of the corporate defendants and of other corporations, which they wished to place in a business or operating trust and they advised with Sherman concerning the procedure to be followed. The latter, with the assistance of trust department executives of a bank and the use of one of the bank's forms and with some collaboration upon the part of Desser and Rau, drafted a declaration of trust, which was executed by Scheinberg and Horwitz. During the absence of Sherman from the city Desser and Rau prepared an agreement for dissolution of partnership for Scheinberg and Horwitz. After the matter of the preparation of the declaration of trust had extended over a period of nearly a year, Sherman severed his connection with the firm, established an office elsewhere, and several months thereafter the

declaration of trust was executed. Desser and Rau billed the defendants, other than Sherman, for legal services in the amount of $3,500 and, liability being denied, caused this action to be instituted. At or about that time Sherman fixed his fees to his co-defendants at the sum of $100; $75 was paid on account, and $50 was tendered by Sherman to Desser and Rau, which they refused.

There was a sharp conflict in the testimony as to the amount of time and effort expended by Desser and Rau in connection with the preparation of the declaration of trust and certain minor services. In view of the findings that there was no employment, express or implied, it was not necessary for the court to determine the value of the services of the firm. The witnesses were also in disagreement as to whether Desser and Rau had the right to fix the fees to be paid by Sherman's clients after consultation with him, or whether Sherman had the right to fix them after consultation with Desser and Rau, but this question, as we shall point out, was not one in issue in the present case.

Plaintiff's evidence, construed most strongly in his favor, was clearly insufficient to show that there was an express or implied agreement of employment of Desser and Rau by any of the defendants in whose favor nonsuits were ordered. It may be noted that Sherman was added as a defendant by amendment in the place of ''Doe 1.'' and on the statement that his true name was unknown at the time the complaint was filed. Under no construction of plaintiff's evidence could the judgment of nonsuit be held erroneous.

There was no evidence of a direct employment of anyone except Sherman and no agreement other than the general one we have mentioned for the payment of any sums to Desser and Rau. The court might have believed and we think did believe, from the testimony, that all of the parties understood that the services of Desser and Rau were rendered without obligation on the part of anyone to compensate them otherwise than in accordance with their arrangement with Sherman for division of fees, and that the latter, only, was employed by the other defendants. The finding made on that issue is fully supported by the evidence and it negatives any implied obligation upon the part of the defendants to pay Desser and Rau directly for their services and any obligation upon the part of Sherman to compensate Desser and Rau otherwise than through the agreement for the division of

fees. There was no evidence of any agreement that Desser and Rau were specially employed by the defendants or that there was any agreement that they were to be specially paid, in case they assisted Sherman in his work. They had helped him before and had never made a special charge for their assistance.

If, in charging a fee of $100 to Scheinberg and Horwitz, Sherman in any manner breached his agreement with Desser and Rau for charging and dividing fees, any cause of action based upon such breach was not within the issues framed by the pleadings or triable in the present action. The demand was not based upon the agreement for division of fees but upon an alleged liability arising out of a separate and distinct contract of employment.

The causes of action based upon an alleged book account and an account stated were disposed of by nonsuit, to which plaintiff consented.

 It is contended that the court improperly made findings in favor of defendant Sherman after having granted his motion for nonsuit. Findings were unnecessary as to this defendant (*Estate of Baird* (1926), 198 Cal. 490 [246 Pac. 324]), but the fact that the court made them does not call for a reversal. The judgment as entered in favor of defendant Sherman was one of nonsuit and so recites. It was based upon the order granting the motion and not upon the findings and was superfluous, since the order constituted the decision. (*Finch* v. *Ekstrom* (1931), 115 Cal. App. 381 [1 P. (2d) 516].) Plaintiff is in the position of having suffered a judgment of nonsuit in favor of these three defendants and cannot be prejudiced by the findings complained of in favor of defendant Sherman, made after he had been eliminated from the case.

Certain rulings on the admission of evidence are assigned as error, but they relate only to the extent of the services rendered and require no discussion in view of the fact that the evidence was insufficient to establish liability.

The judgments are affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.