279 P.2d 629

James H. BUNT, William A. Bunt, Ivan E. McMillin, and Hoff Building Supply, Inc., a corporation, Plaintiffs & Appellants,

v.

Frank W. ROBERTS, Frances Virginia Roberts Nelson, Ada Maxine Roberts Briggs and Herbert J. Alexander, Defendants & Respondents.

William W. Hocke, Charles M. Stephenson and R. E. Stephenson, co-partners doing business under the name and style of Stephenson and Son, and Irrigators Lumber Company, a corporation, plaintiffs in the trial court, not parties here.

No. 8102.

Supreme Court of Idaho.

Jan. 31, 1955.

Dunlap & Dunlap, Caldwell, for appellants.

Caldwell, Alexanderson & Davis, Caldwell, for respondents Frank W. Roberts, Frances Virginia Roberts Nelson, and Ada Maxine Roberts Briggs.

Harold L. Yeamans, Caldwell, for respondent Herbert J. Alexander.

KEETON, Justice.

Appellants and others sought in this action to foreclose claimed mechanics' and materialmen's liens on real property owned by Frank W. Roberts, Frances Virginia Roberts Nelson and Ada Maxine Roberts Briggs, hereinafter referred to as respondents. Herbert J. Alexander was made a party defendant as an alleged lessee of the landowners. The complaint alleged that the labor and material for which the liens are claimed were furnished at the request of respondents; and further alleged the recording of the liens pursuant to the provisions of Section 45–507, I.C.

The pertinent facts are: Respondents, Roberts, Nelson and Briggs, leased to Alexander a part of the real property on which the liens are claimed. This lease was for a period of three years and by its terms expired on December 31, 1951. For sometime thereafter Alexander was a hold-over tenant. There was some correspondence between respondents and Alexander relative to a new lease. None was made. In January, 1952, Alexander contracted with respondents and others, not parties here, to make alterations and repairs on a restaurant building located on the premises, also contracted for some capital improvements in the nature of living quarters at the rear of the building. Thereafter, on and between February 2, 1952, and May 3, 1952, appellants performed labor and furnished materials for which the liens are claimed. Respondents denied that they ever authorized the furnishing of labor or material for improvements; alleged that Alexander was not their agent; that they had no knowledge of the work being done.

On issues joined the case was tried. The lower court entered a personal judgment against Alexander, who has not appealed, sustained a motion for a nonsuit as to all other defendants, found that appellants had no lien on the real estate in question and released and discharged the alleged liens of record. From this judgment James H. Bunt, William A. Bunt, Ivan E. McMillin and Hoff Building Supply, Inc., a corporation, appealed.

In assignments of error appellants contend that the findings of fact are not supported by the evidence, and specifically challenge the finding that Alexander was not the agent of respondents; that the court erred in releasing the liens of record; that on sustaining the motion for a nonsuit, it was error to thereafter make findings of fact and conclusions of law and enter judgment.

The mechanics' lien law, Section 45–501, I.C., authorizes a lien in favor of "Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any * * * building * * * for the work or labor done

or materials furnished, whether done or furnished at the instance of the owner of the building * * * or his agent; * * *."

A tenant or lessee is not generally considered the agent of the lessor within the interpretation of the mechanics' lien law merely by virtue of the relationship of landlord and tenant, and a tenant or lessee cannot subject the interest of his landlord to a mechanic's lien by reason of the tenant's contract with a materialman or laborer, unless the owner does some act in ratification of, or consent to the work done and the furnishing of the material or labor. 36 Am. Jur. 73, Secs. 93 to 95; Rio Grande Lumber & Fuel Co. v. Buergo, 41 N.M. 624, 73 P.2d 312, 123 A.L.R. 1; Boise-Payette Lumber Co. v. McCornick, 36 Idaho 788, 213 P. 1119.

The estate or property of a lessor is not subject to a mechanic's lien for improvements contracted for by his lessee unless the lessor has made him his agent or otherwise conferred the requisite authority on him, or ratified his acts, or is estopped to deny the validity of the lien. 57 C.J.S., Mechanics' Liens, § 65, p. 559; Mundet Cork Corp. v. Three Flowers Ice Cream Co., Mo.App., 146 S.W.2d 678; Masterson v. Roberts, 336 Mo. 158, 78 S.W.2d 856, 97 A.L.R. 862.

A study of the evidence fails to disclose that the work performed or the materials furnished in making repairs and improvements were authorized by the landowners or anyone acting in their behalf.

The evidence affirmatively shows that each appellant performed work and labor, or furnished material at the request of Alexander. It was he who was making the repairs and improvements, and appellants were relying on and looking to him for their pay. There being an entire failure of proof, the liens cannot be sustained and the trial court was correct in granting the motion of nonsuit.

Appellants contend it was error to enter findings of fact and conclusions of law, and to release the liens of record. On the findings of fact and conclusions of law made, personal judgment was entered against Alexander. No appeal was taken from this judgment. The fact that the court made findings as to the appellants against whom he had entered a nonsuit is not reversible error. Mosk v. Scheinberg, 52 Cal. App.2d 154, 125 P.2d 872; Finch v. Ekstrom, 115 Cal.App. 381, 1 P.2d 516; Connor v. Raddon, 16 Utah 418, 52 P. 764, Syl. 4.

There is no merit to the contention the court erred in ordering the liens released of record. The appellants having failed to prove the validity of the alleged liens, the court properly ordered their release.

The contention that the liens should have been foreclosed as to the interest of the tenant, Alexander, we do not discuss for the reason there was no proof he had a lease, or any other lienable interest in the property. Under what circumstances, if

162

any, a tenant's estate in real property might be made liable for materialmen's or laborers' liens is not before us for determination.

We find no error. Judgment is affirmed. Costs to respondents.

TAYLOR, C. J., PORTER and SMITH, JJ., and BECKWITH, D. J., concur.