643 P.2d 1076

**GEMKIST FARMS, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**Del BOLEN and Fern Bolen, husband and wife, Defendants-Appellants.**

No. 12992.

Court of Appeals of Idaho.

March 16, 1982.

Peter J. Boyd of Elam, Burke, Evans, Boyd & Koontz, Boise, for defendants-appellants.

Ronald P. Rainey of Alexanderson, Davis, Rainey & Whitney, Caldwell, for plaintiff-respondent.

WALTERS, Chief Judge.

Gemkist Farms, Inc. leased one of its farms to Bolen for a specified period on an equal crop-share basis. Near the end of the lease period, Gemkist decided not to renew the agreement. When Bolen remained on the property beyond the lease period, Gemkist filed suit to regain possession of the farm, and for an accounting of all sales of crops and livestock raised on the premises. Judgment was awarded to Gemkist after trial to the court. We *affirm*.

On appeal, Bolen argues the trial court made several errors in the administration of the litigation. Briefly, the alleged errors are: (1) submission of the accounting task to a master, (2) insufficiency of the evidence to establish the value of certain "bee boards", (3) wrongly excluding evidence, and (4) improperly delegating the task of preparing written findings of fact and conclusions of law.

Confronted with the need for extensive computations, the trial court determined the accounting task should be submitted to a special master. The court so informed counsel for the parties at a pretrial conference. Neither party objected to the appointment of a master at the time, and the court directed Bolen's counsel to prepare an appropriate order appointing the master. When the master's report was filed with the court prior to trial, no objections were made to its contents nor to the propriety of the appointment. At a subsequent conference, immediately preceding the trial, the court determined the master's findings adequately resolved many of the issues, and again no one objected. Bolen now argues, raising the issue for the first time, that it was error for the court to submit the accounting task to a master. Because the objection was made for the first time in this court and after the judgment had been entered, the question of whether the master's appointment or his findings was proper is deemed waived.

*Morton v. Morton Realty Co.*, 41 Idaho 729, 241 P. 1014 (1925). *See also* I.R.C.P. 53(e)(2).

One of the issues at trial concerned the value of "bee boards". Alfalfa was grown on the farm as a seed crop. For alfalfa seed production, tiny leafcutter bees are used to polinate the alfalfa crop. These bees are housed in "bee boards", lumber with hundreds of holes drilled into the wood in which the bees build cells for shelter and reproduction. Following the presentation of the evidence, the trial court determined that bee boards jointly purchased by the parties had a value of $1,704.70, which should be evenly divided between the parties. This figure was reached by depreciating the purchase price at a rate of 20% per year over a four year period. Bolen contends this determination was based on insufficient evidence. He asserts that he was the only witness qualified to testify regarding the actual value of these specific bee boards. We disagree.

■ Gemkist presented four witnesses who testified concerning the quality and value of the bee boards in question. Mr. John R. Robinson, Sr. and Mr. John R. Robinson, Jr., officers of plaintiff corporation, who were familiar with the farming operation, gave evidence on the purchase of the bee boards and their value at the time of the trial. Dr. Norman Waters, an entomologist specializing in leafcutter bees, examined samples of the bee boards in detail and also testified regarding their quality. Mr. Fred Clark, experienced in the buying and selling of bee boards, testified in respect to various factors relevant to the evaluation of bee boards, and as to the value of the bee boards in question. The testimony of these witnesses was properly admitted and was competent. As might be expected, this evidence conflicted with Bolen's testimony. However, this court will not disturb the findings of the trial court where they are supported by substantial and competent, though conflicting, evidence. I.R.C.P. 52(a); *Nesbitt v. Wolfkiel*, 100 Idaho 396, 598 P.2d 1046 (1979).

■ When the issues to be tried were established at the final pretrial conference, the trial court decided to exclude all evidence regarding Bolen's claim for reimbursement for work done on a new fence and a water line in a trailer house. The court ruled that the claim was outside the pleadings. The record discloses that no objection to this determination was made at the pretrial conference, nor was any request made in the course of the trial to reconsider or modify the court's decision. Bolen's objection to the exclusion of this evidence is made for the first time on appeal. In such cases, the theory presented will not be reviewed on appeal. *Earl v. Fordice*, 84 Idaho 542, 374 P.2d 713 (1962).

■ Finally, Bolen argues the court erred by adopting the findings of fact and conclusions of law unilaterally prepared by counsel for Gemkist. The record discloses that after hearing the evidence, the court recessed to his chambers to prepare findings of fact and conclusions of law. The court then reconvened, read his findings of fact and conclusions of law into the record, and directed counsel for Gemkist to prepare a formal judgment. Although not requested by the court, counsel thereafter also prepared and submitted formal findings of fact and conclusions of law, which were accepted and signed by the trial judge.

In *Compton v. Gilmore*, 98 Idaho 190, 560 P.2d 861 (1977), our Supreme Court admonished the bench and bar that the best practice for a trial court to follow, if assistance of counsel is sought in drafting findings of fact and conclusions of law, is to request proposals from both sides. The court can then use the proposals to independently draft formal findings of fact and conclusions of law. That procedure was not followed here. However, there is no error because the written findings of fact and conclusions of law essential to the decision reached accurately reflect the oral ruling of the court, and are sufficient and supported by the evidence. *Marshall Bros., Inc. v. Geisler*, 99 Idaho 734, 588 P.2d 933 (1978).

The judgment of the district court is affirmed.

Costs to respondents. No attorney fees on appeal have been requested.

BURNETT and SWANSTROM, JJ., concur.