660 P.2d 70

Harold CHRISTENSEN d/b/a Loc
Electric, Plaintiff-Respondent,

v.

IDAHO LAND DEVELOPERS, INC., an
Idaho corporation,
Defendant-Appellant,

and

Kelly Enterprises, Inc., an Idaho corpora-
tion, and William P. Kelly and Douglas
Hanson and DeWayne Woolf, d/b/a
Woolf and Hanson Concrete Contrac-
tors, Defendants.

No. 14012.

Court of Appeals of Idaho.

March 8, 1983.

E. Don Copple, Davison, Copple, Copple &
Copple, Boise, for defendant-appellant.

Charles A. Homer, Holden, Kidwell, Hahn
& Crapo, Idaho Falls, for plaintiff-respon-
dent.

BURNETT, Judge.

We are asked to decide whether a contractor who makes repairs and improvements to real property, under agreement with a tenant, is entitled to impose a laborer's and materialman's lien against the landlord's interest in the property. Upon the facts presented in this case, the district court entered summary judgment holding that the contractor was entitled to such a lien. We affirm.

The facts essential to our opinion are undisputed. The landlord, Idaho Land Developers, Inc., leased a tavern and restaurant to the tenants, William P. Kelly and Kelly Enterprises, Inc., for a period of fifteen years. The lease instrument required the tenants to "maintain the plumbing, heating, air conditioning equipment, and electrical outlets ... and all other maintenance." The lease further provided that the tenants "shall not do or permit to be done in said premises anything that would be dangerous, illegal or unlawful under the ordinances of the City of Idaho Falls...."

After approximately four months had elapsed under the lease, the landlord received a letter from the chief electrical inspector of the City of Idaho Falls. The letter, addressed to the landlord with copies to the tenants and to the city fire department, listed thirty-one "electrical violations and deficiencies" found during an inspection of the subject property. The violations and deficiencies included numerous instances of improper wiring, inadequate receptacles, missing outlet covers, and loose or open wiring. The inspector's letter advised that the corrections "must be made within fifteen days from receipt" of the letter. The landlord forwarded the letter to the tenants, who then engaged a contractor, Loc Electric, to remedy all the violations and deficiencies. The contractor performed the work as requested, but the tenants failed to pay. A claim of lien for labor and materials was filed of record against the property. When the landlord similarly failed to pay, the contractor successfully sued to foreclose the lien.

On appeal from the summary judgment, our threshold inquiry is whether the record discloses any "genuine issue of material fact." I.R.C.P. 56(c). Because the events recited above are uncontroverted, it appears that no genuine factual issue exists. We turn, then, to the next inquiry—whether, upon these facts, the contractor was entitled to judgment as a matter of law.

The contractor's claim of lien was grounded in I.C. § 45–501, which provides, in pertinent part, as follows:

> Every person performing labor upon, or furnishing materials to be used in the ... alteration or repair of ... any structure has a lien ... for the work or labor done or materials furnished, whether done ... or furnished *at the instance of the owner of the building ... or his agent.* [Emphasis supplied.]

As a general principle, a tenant is not the "agent" of the landlord, for the purpose of § 45–501, merely by virtue of a lessor-lessee relationship. *See generally* Anno., 74 A.L.R.3d 330, 334–43 (1976). However, this principle has two closely related corollaries in Idaho. First, a landlord's interest in real property may be subjected to a lien, for work performed by agreement with the tenant, if the lease specifically requires the tenant to see that the work is done. *E.g., Gem State Lumber Co. v. Union Grain & Elevator Co.,* 47 Idaho 747, 278 P. 775 (1929). Second, the landlord's interest may be subjected to a lien if he requests the work to be done. *Parker v. Northwestern Investment Co.,* 44 Idaho 68, 255 P. 307 (1927). The latter corollary applies to any case where the landlord has done "some act in ratification of, or consent to [,] the work done and the furnishing of material and labor." *Bunt v. Roberts,* 76 Idaho 158, 161, 279 P.2d 629, 630 (1955).

In the present case, the district court did not distinguish between these two corollaries. However, the court held that the general requirements imposed by the lease—that the tenants "maintain" the premises, and that they refrain from any unlawful use of the premises—were rendered "specific" in their application when the landlord

forwarded to the tenants the city's letter enumerating thirty-one corrections needed in the electrical system on the premises. This view of the case invokes the first corollary, that a landlord's interest is lienable if the lease specifically requires the work in question. The court also held that the landlord's act of forwarding the city's letter to the tenants represented "a ratification or a consent for the work to be done." This view would bring the case within the second corollary.

The landlord argues, in effect, that application of either corollary rests upon the district court's implicit determination that the tenants were expected to take remedial action in response to the city's letter. The landlord contends that such a determination relates to a question of fact, and is precluded by the rule that a party resisting summary judgment is entitled to have the record construed, and all reasonable inferences drawn, in his favor. *E.g., Palmer v. Idaho Bank & Trust Co.,* 100 Idaho 642, 603 P.2d 597 (1979). However, in our view, this rule does not prohibit a factual determination in favor of the party seeking summary judgment, where the determination is founded upon undisputed facts and does not conflict with other reasonable inferences from those facts. Here, the landlord has suggested no meaning to be inferred from the act of forwarding the city's letter. But the act was not meaningless. The letter explicitly mandated action to be taken. We perceive no reasonable purpose which the district court could have ascribed to the forwarding of the letter, except to signify that the tenants were required—or at least authorized—to take remedial action. Accordingly, we hold that the two corollaries stated above are applicable, and that the district court correctly determined the landlord's interest in the property to be lienable.

The landlord has invited our attention to *Russell v. Hill,* 4th Jud. Dist., Ada County, No. 23942, 1 Idaho Supp. 254 (1952). In that case, a district court ruled that a landlord's interest was lienable only if the work in question were specifically described and required in the lease itself. We believe this ruling too narrowly states the law in Idaho. Particularly, it is inconsistent with the Supreme Court's subsequent decision in *Bunt v. Roberts, supra,* stating that a lien may attach upon a landlord's act of ratification or consent to the work performed. The landlord asserts that *Bunt* actually militates in its favor because the result in that case was to hold a property owner's interest not subject to a lien for work performed at the direction of a tenant. This description of the result is correct, but it does not detract from the principles of ratification and consent articulated in *Bunt* and applied here. Moreover, the reported facts in *Bunt* disclose no awareness by the landlord of the work on the property until it was completed. In contrast, the landlord here was informed of the need for specific work and forwarded a letter on the subject to the tenants. We conclude that the narrow ruling in *Russell,* and the factual setting of *Bunt,* afford no basis to disturb the judgment entered in this case.

The landlord further contends that, even if its interest in the property is held lienable, the work performed by the contractor went beyond the requirements of the city's letter—and, therefore, went beyond the scope of any lien. However, the contractor itemized the labor and materials furnished, and claimed that the work was performed to correct the deficiencies noted by the city. The district court, in a memorandum decision issued prior to the entry of summary judgment, offered the landlord an opportunity to challenge the necessity of any such work. When the landlord did not respond to this offer, summary judgment was entered. On appeal, we will not decide questions which were not presented, and on which no ruling was obtained, in the court below. *See, e.g., Gemkist Farms, Inc. v. Bolen,* 102 Idaho 906, 643 P.2d 1076 (Ct.App. 1982). Accordingly, in this case, we decline to review the scope of work covered by the contractor's lien.

Finally, we consider the question of whether to award attorney fees on appeal to the contractor. Our Supreme Court recently noted that I.C. § 12–121 is the only statute which authorizes an award of attor-

ney fees, on appeal, in actions to foreclose liens for labor and materials. *Acoustic Specialties, Inc. v. Wright,* 103 Idaho 595, 603, 651 P.2d 529, 537 (1982). Such an award will be made if the appeal has been brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). In this appeal, the essential facts are uncontroverted. We have not been asked to establish a new legal standard, nor to modify or to clarify any existing standard. Rather, the narrow focus of this appeal has been upon the application of settled law to undisputed facts. In our perception, the landlord has made no substantial showing that the district court misapplied the law. We conclude that the appeal was brought and pursued without foundation. Attorney fees on appeal will be awarded, in an amount to be determined as provided by I.A.R. 41(d).

The judgment of the district court is affirmed. Costs to respondent.

WALTERS, C.J., and SWANSTROM, J., concur.