664 P.2d 783

In the Matter of the ESTATE OF Joy Evangeline IRWIN, Deceased.

John K. GATCHEL and Verna Riley, formerly known as Verna Russell, Appellants,

v.

William BUTLER, Pearl Famar, Robert Butler, Nellie Leonard, Elizabeth Farmer, Fred Butler, Jean Tusing and Ollie Reed, Respondents.

No. 14131.

Court of Appeals of Idaho.

June 7, 1983.

Stephen C. Batt, Gatchel & Batt, Payette, for appellants.

Wayne P. Fuller, Fuller & Harris, Caldwell, for respondents.

WALTERS, Chief Justice.

When Verna Russell, administratrix of the estate of Joy Evangeline Irwin, deceased, petitioned for approval of a final accounting and for distribution of the estate, the heirs objected. They contested an allowance of $6000 in fees to Russell and $8500 in fees to her attorney, John Gatchel, for services rendered in the administration of the estate. The heirs contended that these fees were excessive and included earlier fee awards for "extraordinary services" that had been made by the court ex parte without prior notice to the heirs. Following a hearing on the heirs' objection, a second magistrate determined that he did not have jurisdiction to review the first magistrate's prior orders awarding extraordinary fees. On appeal from that ruling, the district court held the second magistrate did have such jurisdiction. The decision of the district court was affirmed on further appeal to the Idaho Supreme Court. See In the Matter of the Estate of Irwin, 99 Idaho 543, 585 P.2d 953 (1978).

Upon remand following that appeal, the ex parte orders were set aside by the second magistrate without further hearing. Rather, he simply entered findings of fact and conclusions of law based upon the hearing which he had conducted before the first appeal. Using a statutory formula, he fixed the amounts to be allowed as total fees for the administration of the estate—$2232.69 to Russell and $2292.69 to Gatchel. He ordered refund to the estate of payments Russell and Gatchel had received in

excess of these amounts. Russell and Gatchel appealed to the district court. The district court affirmed the second magistrate's order. Russell and Gatchel now appeal to this Court. We also affirm.

We are asked to address two principal issues: (1) Did the second magistrate err in failing to take judicial notice of extraordinary services performed by the administratrix and her attorney? (2) Did the second magistrate err in failing to recognize an agreement between the heirs of decedent and their attorney, as a basis for determining the fees to be allowed to Gatchel in his capacity as attorney for the administratrix? Because we affirm the decision below, we must decide an additional question: (3) Are the respondent heirs entitled to an award of attorney fees on appeal?

## I. FEES FOR EXTRAORDINARY SERVICES

We turn first to the issue of whether the magistrate erred by failing to take judicial notice of extraordinary services performed by Russell and Gatchel, in determining a reasonable fee to be allowed to each of them for the administration of the estate. At the request of the administratrix, the estate was administered under the former probate code, which was repealed in 1972 while the estate was pending. See 1971 Idaho Sess.Laws ch. 111, p. 237 § 1, § 5 (repeal of former code), and § 28(b) (application of former probate code to certain cases, by order of the court). Under the former code, fees relating to the administration of an estate were regulated by statute.

In regard to the administratrix' fee, I.C. § 15–1107, provided as follows:

When no compensation is provided by the will, or the executor renounces all claims thereto, he must be allowed commissions upon the amount of the estate accounted for by him, as follows: For the first thousand dollars, at the rate of five per cent; for all above that sum and not exceeding $10,000, at the rate of four per cent; for all above that sum at the rate of three per cent; and the same commis-

sion must be allowed administrators. In all cases such further allowances may be made as the probate judge may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section.

The attorney fees statute, I.C. § 15–1139, provided:

The maximum amount of attorney's fees to be charged for all services rendered to executors or administrators in the probating of estates shall be as follows: Where the estate accounted for by the executor or administrator does not exceed $1,000 at the rate of seven percent. For all above that sum accounted for and not exceeding $5,000 at the rate of five percent. For all above that sum and not exceeding $10,000 at the rate of four per cent. For all above that sum at the rate of three per cent; provided, however, the above fees shall not apply when the compensation is fixed by the will.

In all cases such further allowance may be made as the probate judge may deem just and reasonable, for any extraordinary service.

■ Under those statutes, the allowance of compensation for any extraordinary service was a matter within the discretion of the probate court. The burden was upon an applicant to prove a right to compensation on account of extraordinary services, and no abuse of discretion by the probate court—in refusing to make an award for extraordinary services—would be found where the applicant failed to prove a right to the additional compensation. *In Re Estate of Mudd,* 48 Idaho 210, 281 P. 5 (1929).

Here, Russell and Gatchel argue that had the magistrate taken judicial notice of the services performed by them—which were reflected in the court's file—an award for extraordinary services would have been justified, resulting in a greater amount as a "reasonable" fee for their services. However, the assertion that the magistrate failed to consider the matters reflected by the court's file is contrary to the findings and conclusions entered by the magistrate.

These findings of fact and conclusions of law specifically recite that the reasonable value of the services performed by both the administratrix and her attorney was found "based on the evidence *and the records in the file*" (emphasis added). The conclusion is inescapable that the magistrate did in fact consider the services of Russell and Gatchel which were reflected in the file, in arriving at the fee awards. Implicitly, the magistrate exercised his discretion in favor of denying an award for extraordinary services.

■ The magistrate did not state any reasons in the record for exercising his discretion in the manner he did, when fixing the fees for the services of Russell and Gatchel. However, the record shows that, although certain extra services were performed, there also was undue and unexplained delay in the administration of the estate. The record is clear that the heirs had been put to expense and inconvenience in setting aside the unlawful, ex parte award of extraordinary fees. Properly, the benefit derived from any extraordinary services performed in the administration of the estate could be weighed against, and deemed to have been offset by, the extraordinary delay and expense in properly closing the estate. The magistrate should have, and could have, taken all these matters, disclosed by the record, into account in exercising his discretion in fixing the fee awards. We hold that the magistrate's discretion was not abused.

## II. CONTINGENCY FEE AGREEMENT

The administration of this estate had its inception in a will contest. Those heirs who are now respondents in this appeal hired an Oregon attorney, Mr. Gallagher, to contest the will. Gallagher contacted an attorney in California (where the decedent had died and where her will was offered for probate) and Mr. Gatchel, as an attorney in Idaho (where the deceased allegedly had maintained her legal residence), to assist in the contest. These attorneys were successful in obtaining transfer of the case from California to Idaho, and in having the will set aside by an Idaho court.

The heirs and Mr. Gallagher had agreed that the attorney fees for assisting in the estate would be paid on a contingency basis. If the will were successfully set aside and if the estate were administered in intestacy, the attorneys would receive—as a fee to be shared among themselves—an amount based upon a percentage of the value of the estate. Mr. Gallagher communicated this arrangement to Gatchel several times. Gatchel never responded.

However, Gatchel now appears to contend that if he cannot retain the extraordinary fees earlier awarded to him ex parte, he should be allowed to collect under the contingency fee agreement. He contends that the magistrate erred in failing to recognize the agreement between the heirs and their Oregon attorney as a basis for determining the fees to be approved for Gatchel's services.

Following the hearing on the heirs' objection to allowance of attorney and administratrix fees for extraordinary services, the magistrate made the following finding of fact:

That in May, 1966, or at any other time, attorney John K. Gatchel did not enter into any agreement to share the costs of litigation nor to receive his attorney's fees from the fifty per cent (50%) of the recovered assets of the estate as provided in the agreement between attorney Martin P. Gallagher and the heirs of the estate, but rather he elected to receive his fees based on the percentage provided in the Statutes of the State of Idaho in effect at the beginning of the probate of the estate. . . .

Following this finding, the magistrate, in his conclusions of law, held:

That attorney John K. Gatchel was not a party to nor bound by the agreement between attorney Martin P. Gallagher and the heirs of the estate. . . .

■ The district court affirmed the magistrate's findings and conclusions, noting that the record contained representations by Gatchel himself that he had no part in

880

the fee agreement with Mr. Gallagher. The factual finding of the magistrate is supported by substantial competent evidence in the record, and the conclusion of law follows therefrom. The magistrate applied correct legal principles and the district court affirmed the magistrate. We therefore sustain the district court's decision. *Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981); *Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). We conclude that the magistrate did not err in refusing to allow Gatchel to recover his fees under the contingent agreement.

### III. ATTORNEY FEES ON APPEAL

■ Finally, the respondent heirs request an award of attorney fees on appeal, as the prevailing parties. I.C. § 12–121, I.A.R. 41. Such an award is appropriate when we are left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

■ The appellants, Russell and Gatchel, have not pointed to any findings of fact which were clearly, or even arguably, unsupported by substantial and competent evidence. They have presented no significant issue on a question of law. They have not requested that we establish any new legal standards, nor that we modify or clarify any existing standards. The narrow focus of this appeal has been the application of settled law to the facts. There was no showing that the magistrate misapplied the law. *Compare Christensen v. Idaho Land Developers, Inc.,* 104 Idaho 458, 660 P.2d 70 (Ct.App.1983). We conclude that the appeal from the district court was brought unreasonably and without foundation. Hence, attorney fees on appeal are awarded to the respondents, in an amount to be determined as provided in I.A.R. 41(d).

The decision of the district court, upholding the order of the magistrate, is affirmed. Costs and attorney fees to respondents.

SWANSTROM and BURNETT, JJ., concur.