675 P.2d 354

**CITY OF BOISE CITY, A municipal corporation, Plaintiff-Respondent,**

v.

**Vincent and Sylvia L. GABICA, husband and wife, Defendants-Appellants.**

No. 14104.

Court of Appeals of Idaho.

Jan. 17, 1984.

Paris Martin, Boise, for defendants-appellants.

W.H. Fawcett, Deputy City Atty., Boise, for plaintiff-respondent.

**BURNETT, Judge.**

We are asked to review a district court decision containing an injunction against certain business activities in a residential zone. The City of Boise brought this action against Vincent and Sylvia Gabica, seeking to enjoin the operation of a rug and carpet cleaning business from their home. The Gabicas answered, in part, that the business constituted a permissible "accessory use" of the residence. The district court declined to enjoin bookkeeping and telephone communications inside the house. The court also refused to interfere with the Gabicas' practice of parking one or two commercially marked vans on their property. However, the court did enjoin two activities connected with the business: the cleaning of business equipment on the property, and the dispatching of employees who would come to the house, pick up the vans and equipment, and go to their assigned jobs. The Gabicas have appealed that part of the injunction which prohibits the dispatching of employees. We affirm.

Despite the narrowness of the Gabicas' attack upon the injunction, the dispositive question is whether their business is an accessory use, as they contend. This question is one of ordinance interpretation. Most American zoning ordinances divide land uses into major categories such as residential, commercial and industrial. In order to separate these uses geographically, and to control them functionally, the ordinances typically classify the principal types of land uses and impose restrictive definitions upon any related, secondary uses. The Boise City Code follows this pattern. It specifies single-family dwellings as a principal land use in the Gabicas' neighborhood, which is zoned R–1C. The Code also permits, but restrictively defines, accessory uses and home occupations. Because there is no contention in this appeal that the rug and carpet cleaning business is a home occupation, we focus upon the Code's treatment of accessory uses.

Section 11–2–4.2 of the Code allows "[a]ccessory uses relating to single-family dwelling[s]" in R–1C districts. Section 11–1–3 defines "use, accessory" as "[a] use incidental and subordinate to the principal use of the premises which does not alter the essential characteristics of the use considered as a whole and as related to other uses permitted in the same district." Thus, the Code imposes three requirements. (1) The accessory use must "relate" to a sin-

gle-family dwelling and be "incidental and subordinate" to it. (2) The accessory use must not alter the essential characteristics of the single-family dwelling. (3) The accessory use must not alter the relationship between the single-family dwelling and other uses permitted in the residential district. The first requirement contains a threshold definitional test. The latter two requirements set forth limiting conditions.

The trial court's decision contains no ruling on whether the Gabicas' business, as a whole, is an accessory use. Neither has the court made an express finding as to whether the specific activity of dispatching employees satisfies the ordinance requirements. However, in refusing to disturb such other activities as bookkeeping and telephone communications, the court has noted that they do "not impair the general character of the neighborhood." By implication, then, the trial court has found that employee dispatching does affect the neighborhood and therefore fails to meet one of the limiting conditions upon accessory uses. The Gabicas now argue that the evidence does not show any impact upon the neighborhood from employee dispatching.

■ However, we need not apply a limiting condition to a particular aspect of the business unless the business itself satisfies the threshold definitional test—that an accessory use must "relate" to the single-family dwelling and be "incidental and subordinate" to it. The district court made sufficient findings, not challenged on appeal, to determine the outcome of this test. The court found that the Gabicas engaged one or more nonresident employees in the business, kept two vans on the property bearing the legend "Bavarian Carpet Cleaners," and advertised the business in the telephone directory and in the local newspaper. Upon these uncontroverted facts, we deem it clear as a matter of law

that the Gabicas' business does not "relate" to, nor is it "incidental" to, the residential use of their single-family dwelling. Rather, it is a separately discernible commercial enterprise.

We acknowledge that a residential use may have many components.

Use by a family of a home under our customs includes more than simple use of a house and grounds for food and shelter. It also includes its use for private religious, educational, cultural and recreational advantages of the family. [Citation omitted.] Pursuit of a hobby is clearly customarily a part of recreational activities. [Emphasis deleted.]

*Borough of Chatham v. Donaldson,* 69 N.J.Super. 277, 174 A.2d 213, 216 (1961). However, the Gabicas' business does not fit within any of these components of residential living.

■ Our characterization of the business is consistent with the general view that a commercial enterprise, conducted to make money, is a principal use, of itself, and is not occasioned by day-to-day living in a residential area. *See, e.g., Perron v. City of Concord,* 102 N.H. 32, 150 A.2d 403 (1959). It is also consistent with Idaho case law that an "accessory use" will be recognized where it is "sufficiently connected with," and an "integral part" of, the principal land use. *See Corporation of Presiding Bishop v. Ashton,* 92 Idaho 571, 575, 448 P.2d 185, 189 (1968). Accordingly, we hold that the Gabicas' rug and carpet cleaning business is not a permitted accessory use of their single-family dwelling in an R–1C zone.

■ We conclude that the district court's injunction should not be disturbed.[1] The Gabicas have contended at oral argument that the injunction, insofar as it relates to the dispatching of "employees," is too

---

**1.** Absent a cross-appeal by the City, we have no occasion to decide whether the district court could have enjoined the business as a whole. Neither have we been asked in this appeal to

decide whether any of the activities comprising the business might represent a permissible home occupation.

vague for enforcement. This contention was not raised in the briefs. The record discloses that the district court has not been asked to refine the injunction. We will not decide on appeal questions which have not been presented, and on which no ruling has been obtained, in the court below. *E.g., Christensen v. Idaho Land Developers, Inc.*, 104 Idaho 458, 660 P.2d 70 (Ct.App.1983); *Gemkist Farms, Inc. v. Bolen*, 102 Idaho 906, 643 P.2d 1076 (Ct.App. 1982).

The decision of the district court, containing the injunction from which this appeal was taken, is affirmed. Costs to respondent. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.